**S.P.N., Appellant,**

v.

**M.W.N., Respondent.**

**Nos. 49890 and 49851.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1986.

Joel W. Case, Manchester, for appellant.

Barry S. Ginsburg, Clayton, for respondent.

SMITH, Judge.

Appellant-mother appeals from the action of the trial court transferring primary custody of the parties' now 6 year old daughter from her to the father.

---

Mother's challenge is to the sufficiency of the evidence to support the transfer. The trial court was confronted with sharply conflicting testimony which posited the question, correctly identified by the court, of whether the child had been subjected to mental abuse by the mother or sexual abuse by the father. Our scope of review has been frequently delineated and need not be repeated here. On the record before us we find no basis for overturning the findings of the trial court.

The mother's evidence was largely based upon evaluations made by the Washington University Child Guidance Center, a doctor at the Cardinal Glennon Child Abuse and Sexual Abuse Management Team, and law enforcement officials. Physically the child displayed no evidence of sexual abuse except a reddened vagina not regarded as significant by the doctor in a child of this age. The credibility of the mother's evidence of sexual abuse by the father depended essentially upon the accuracy of an initial sexual abuse screening evaluation prepared by a college graduate student with little prior experience in sexual abuse cases. That evaluation was prepared following a 30 minute interview with the mother. No attempt was made to interview the father and the child refused to tell the evaluator about abuse. On the basis of this "evidence" the evaluator stated:

> "The last date of an incest incident was April, 1984; the duration of incest is unknown. The medical exam results indicate a reddened vagina, but no other results were indicated.... The offender *is* the child's father...." (Emphasis supplied).

Several of the facts included in the report given by the mother were untrue, and pertinent information was not disclosed by the mother. The doctor's opinion of sexual abuse was based upon the evaluation by the Guidance Center and the accuracy of the facts contained therein.

Father presented evidence that immediately prior to his remarriage mother attempted a reconciliation which he rejected, threatened suicide, threatened father's fiancee, and quit her job. The report of child abuse followed the first visit of the child after father's remarriage. There was evidence that he was never alone with the child during that visit. The child returned from the visit in a notably happy mood; a fact inconsistent with mother's evidence that sexual abuse would traumatize the child. There was substantial evidence of mother's instability emotionally and of her overly protective attitude toward the child.

We find it unnecessary to review in detail the evidence before the court. It is sufficient to say that the evidence could reasonably cause a fact-finder to conclude that no abuse by the father occurred, that the child's reactions while in counseling were the product of suggestion, insistence and discipline by the mother, that mother created the sexual abuse charge as retaliation for the remarriage of father, and that the mother utilized the daughter in her efforts to punish the father. Such conclusions fully warrant the action of the trial court in transferring custody to the father.

Mother also challenges the trial court's refusal to allow the then 5 year old child to testify. The child was never tendered by the mother as a witness, and mother made no objection to the court's refusal of the guardian ad litem's suggestion that the child be interviewed in chambers. This point of error has been waived. *Niederkorn v. Niederkorn,* 616 S.W.2d 529 (Mo.App.1981) [10, 11].

By cross-appeal father premises error in the action of the trial court in taxing of guardian ad litem's fee against him. We find no abuse of the trial court's discretion.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.